72  CAGNEY *et al.* EXRS. *v.* O'BRIEN *et al.*  [Sept. T.

Opinion of the Court.

# JOHN CAGNEY *et al.* EXTS.

*v.*

# CATHARINE O'BRIEN *et al.*

1. WILL—*whether a bequest is a specific legacy.* Where a testator gives and bequeaths to his executors the sum of $500, "to be used and disposed of by them according to verbal instructions given them by" the testator, the bequest can not be held to be a specific legacy against the express words declaring a trust.

2. PAROL EVIDENCE—*to explain trust created by will.* Where a bequest is made in a will, to executors, of a sum of money to be used and disposed of by them according to verbal instructions given them, parol evidence is admissible to show what those instructions were, and to show performance.

3. ADMINISTRATION—*judgment on accounting.* On a final account by executors, the court has no authority, on disallowing a credit claimed, to render judgment against the executors in favor of the residuary legatees, who are not parties to the proceeding.

APPEAL from the Circuit Court of Cook county; the Hon. W. K. McALLISTER, Judge, presiding.

Messrs. SCOVILLE & BAYLEY, for the appellants.

Messrs. E. & A. VAN BUREN, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This controversy originated in the county court of Cook county. The executors named in the last will and testament of Cornelius Cagney, deceased, presented their account, for final settlement, before the county court, crediting themselves with the sum of five hundred dollars, claiming the same as a specific legacy to them, under and by virtue of this clause in the will of the deceased: "*Fourth,* I give and bequeath to John Cagney and James Sullivan, the executors hereinafter named, the sum of five hundred dollars ($500), to be used and disposed of by them according to verbal instructions given them by me."

The county court disallowed the claim, directing the executors to deduct the same from the account and add the amount

to their account as a charge against them. From this order the executors appealed to the circuit court.

In the circuit court a jury was waived and appellants offered James Sullivan as a witness. The residuary legatees, by their counsel, objected to the introduction of any evidence, whereupon the court called upon appellants to state what they expected to prove by the witness. Thereupon appellants made this offer: They offer to prove by the witness, that deceased gave verbal directions to them as to the disposition of the five hundred dollars, directing them to pay it over to the Church of the Holy Family, for religious purposes, and that they did receive and apply the money in the manner directed according to the verbal instructions given by the deceased; and further, that the money was in fact paid over to the Church of the Holy Family, with the knowledge of the legatees, who made no objections to such payment. The court held this evidence inadmissible, and rendered judgment against appellants for this sum, in favor of the legatees. From this judgment the executors appealed.

Appellants' first proposition is, this was a specific legacy; that the general intent of the testator is clearly expressed, and that was, to leave to the executors this sum of money. This proposition can not be maintained against the express language of the will declaring a trust.

The important question is, was parol evidence admissible to prove the verbal instructions given by the testator to these executors as to the appropriation of this bequest. It seems the circuit court placed stress upon the fact, the executors could not prove a promise by them to make the appropriation as directed, verbally, by the testator. We do not see the necessity of such a promise, if performance is shown pursuant to the directions. The performance would seem to dispense with a promise to do the thing actually done. It is said, parol evidence is admissible in some cases of a trust imperfectly expressed, in explanation of the intent. 3 Greenleaf on Ev. (Redfield's Ed.) § 365. The case of *Padmore* v. *Greening*, 7 Simon, 694; 5 ib. 485; and *Dyer* v. *Dyer*, 2 Cox R. 92. In

74    CAGNEY et al. EXRS. v. O'BRIEN et al.    [Sept. T.

Opinion of the Court.

the first case, a testator devised his estate to his wife, "having a perfect confidence that she will act up to those views which I have communicated to her, in the ultimate disposal of my property after my death." It was permitted the natural children of the testator to prove, after the death and intestacy of the wife, what those views were, and that she had promised to carry them out. Proof of the promise of the wife was there important, as she had not performed the duty. Here, it is of no importance, as the executors have performed, as they say, according to the verbal directions. The reasoning of this court in *Kingsbury* v. *Burnside et al.* 58 Ill. 310, at page 336, and on, seems to sustain the principle contended for, as there it was said, parol evidence of words referred to in a certain letter was admissible for the purpose of defining what was meant by the letter and as showing the truth of the transaction.

The parol evidence offered in this case went no further, and we think it should have been admitted. It was not a question of receiving evidence to enlarge, explain or contradict the will, but simply whether the executors had executed the trust created by the will.

But there is another error assigned by appellants, and that is, the court rendered a formal judgment against the executors for a sum of money coming to them as assets, in favor of the residuary legatees. The legatees were not suitors in the court, and, therefore, not subject to any judgment of the court, *pro* or *con.* It was an *ex parte* proceeding on the settlement of an estate in the county court, and an appeal therefrom. All the circuit court could do, was to affirm or reverse the order of that court. *Reynolds* v. *The People,* 55 Ill. 328.

The circuit court had no authority to render a judgment in favor of persons not parties to the proceedings, even if they were legatees under the will. The county court could not render such a judgment if all the parties were before it, for the law is imperative, that no payment shall be made to legatees unless they give bond and security to refund in a certain contingency. R. S. 1874, ch. 3, § 116, p. 125.

For the reasons given, the judgment is reversed and the cause remanded, with directions to the circuit court to admit the parol evidence as to the verbal directions of the testator, and for further proceedings in conformity with this opinion.

*Judgment reversed.*

Mr. Chief Justice Sheldon dissents upon the first point in the opinion.