## Charles G. Wheeler v. Sarah H. Cannon.

1. EXEMPLARY DAMAGES—*In What Cases Not Allowed.*—Exemplary damages are not to be allowed in actions for breach of contract.

Assumpsit.—Trial in the Superior Court of Cook County, on appeal from a justice of the peace; the Hon. SAMUEL C. STOUGH, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1899. Affirmed conditionally. Opinion filed October 20, 1899.

WILLIAM S. JOHNSTON, attorney for appellant.

J. KENT GREEN, attorney for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

In October, 1896, negotiations were conducted by and between appellant and appellee for the leasing of house 1925 Michigan avenue, Chicago, to appellee. Appellant was acting as agent of his brother, A. W. Wheeler, who was the owner of said house. Appellee knew that appellant was acting as such agent when she gave to him $50 to be applied in payment of rent for the first month in case an agreement for the leasing was finally consummated.

It is unnecessary to enter into detail as to the reasons why no agreement for the leasing of said house was made. It is sufficient to say that the negotiations did not result in a lease. Appellant declined to return the $50 to appellee, and so far as this record shows he has it still.

This suit was commenced before a justice of the peace,

where a judgment was entered against appellant for $50. An appeal was taken to the Superior Court, where the case was tried before a jury and resulted in a verdict and judgment against appellant for $200. A judgment for the latter sum against appellant can not be sustained. It was obtained upon the theory that appellee was entitled to recover for certain damages to furniture, storage, etc., caused by reason of the failure to give her possession of said house, as she contends was agreed. Appellant was not the principal in the alleged agreement. If there was such an agreement, and such failure to perform as entitled appellee to recover damages, that right could be enforced only against the party to the agreement, A. W. Wheeler, and not against the appellant, who was agent only.

On behalf of appellant it is contended that appellee failed to perform on her part, and that appellant has a right to retain the $50, because of the damage occasioned by the failure of appellee to perform her agreement. For the same reason that appellee can not recover damages against appellant, the appellant can not retain the $50 on account of damages, if any there be, arising from a failure on the part of appellee to perform her agreement. If there be any such damages for which appellee is liable, she is liable therefor to A. W. Wheeler, not to appellant.

Appellant is not entitled to keep the $50 in any view that may be taken of the matter. As between the parties to this suit, appellant should return that to appellee.

If appellee shall, within ten days, file a remittitur for the sum of $150, the judgment of the Superior Court will be affirmed for $50, at costs of appellee. If not, said judgment will be reversed and the cause remanded. Affirmed conditionally.