(No. 19452.—

J. FRANK LINDSEY, Defendant in Error, *vs.* LOUIS ROSEN, Plaintiff in Error.

*Opinion filed June 19, 1929.*

JAFFE & GREEN, (ELMER M. LEESMAN, of counsel,) for plaintiff in error.

CHARLES P. MOLTHROP, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

This cause is here upon *certiorari* to the Appellate Court for the First District.

Defendant in error at the February, 1928, term of the circuit court of Cook county, on February 25, 1928, recovered a judgment for $4241.56 against plaintiff in error in assumpsit. Plaintiff in error prayed and was allowed an appeal to the Appellate Court for the First District on filing bond in the sum of $6500, with surety to be approved by the court, within thirty days, and the time within which a bill of exceptions was to be filed was fixed at sixty days. On March 20, 1928, plaintiff in error filed his appeal bond, which was approved by the court. On April 4, 1928, at the April, 1928, term of the circuit court, a bill of exceptions was signed and sealed by the judge of the circuit court and filed with the clerk of such court on the same day, and it thereupon became a part of the record of the circuit court of Cook county. On April 28, 1928, plaintiff in error caused to be filed in the Appellate Court for the First District a transcript of the record of said cause containing a stipulation that the original bill of exceptions might be used, and this transcript was duly certified by the clerk of the circuit court to be a true and correct transcript of the record of the circuit court in the cause, and it thereupon became one of the records and files of the Appellate Court for the First District. On April 28, 1928, the circuit court

struck the bill of exceptions from the record upon an affidavit of one of the attorneys for defendant in error, which showed that when the bill of exceptions had been signed by the judge of the circuit court certain blank spaces had been left in the bill of exceptions for the insertion of three of defendant in error's exhibits. The bill of exceptions which is before this court shows that these blank spaces with reference to each exhibit were preceded by words identifying the exhibit and stating the exhibit to be "in the words and figures following, to-wit." This order was an amendment of the record and was made by striking the bill of exceptions from the record solely on the *ex parte* affidavit of the attorney and a colloquy between the attorneys for the parties, and not upon any memorandum, minute or note of the judge or anything appearing in the records or files of the court to show the facts justifying the amendment of the record. Thereafter, on June 1, 1928, by leave of the Appellate Court defendant in error filed an additional transcript of the record of the trial court, in which was incorporated the order entered by the trial court on April 28, 1928, ordering the original bill of exceptions stricken from the files. On October 11, 1928, by leave of the Appellate Court plaintiff in error filed a further additional transcript of the record of the trial court, in which appeared a bill of exceptions which had been signed by the trial judge and filed in that court on May 25, 1928, within the time allowed in which to file it, which transcript set forth proceedings which resulted in the order of the trial court entered on April 28, 1928, striking the bill of exceptions. The proceedings consisted of defendant in error's motion to strike the bill of exceptions, the affidavit of plaintiff's attorney and the colloquy between counsel and the court at the time the motion was presented and the action of the trial court thereon. In the Appellate Court defendant in error made a motion to affirm the judgment for lack of a bill of exceptions in the transcript of the record. This

motion was allowed by the Appellate Court, and the judgment of the circuit court was affirmed without any consideration except upon the motion to affirm for want of a bill of exceptions.

No question is raised but that, accepting the affidavit of defendant in error's attorney as true, the original bill of exceptions signed by the judge was true, so far as it went, at the time it was signed. It appears from the record that the bill of exceptions as filed in the Appellate Court spoke the truth and was a correct transcript of the proceedings, which should have been included in the bill of exceptions.

It is contended by defendant in error that plaintiff in error cannot question the action of the circuit court in striking the bill of exceptions from the files for the reason that the record does not contain any assignment of error with reference thereto. When plaintiff in error filed the transcript of the record in the circuit court, properly certified to by the clerk of the circuit court, it did not contain any reference to the order of April 28, 1928, and plaintiff in error could not properly assign any error with reference thereto. The cause was not heard and decided in the Appellate Court upon plaintiff in error's assignments of error, but was heard and decided upon a motion of defendant in error to affirm the judgment for lack of a bill of exceptions in the transcript of the record. Error has been assigned here upon the action of the Appellate Court with reference to that motion, and it is a proper subject matter for our consideration. While an amendment to the record of a trial court may be made at any time to make it speak the truth, such amendment of the record and of the bill of exceptions contained therein, after the expiration of the term at which the proceedings were had, cannot be made when based only on the judge's recollection or on *ex parte* affidavits or testimony. It can only be made where there is some memorandum, minute or note of the judge or some-

thing appearing in the records or files of the court to show the facts justifying the amendment. (*People* v. *Kuhn,* 291 Ill. 154; *Wallahan* v. *People,* 40 id. 102; *Dreyer* v. *People,* 188 id. 40.) The subsequent transcripts of the record of the circuit court filed during the pendency of the cause in the Appellate Court showed that there was no lawful basis for the amendment of the record made by the order of April 28, 1928, as required by the rule above stated. The three transcripts filed in the Appellate Court constituted but a single record of the circuit court and should have been so considered by the Appellate Court, (*People* v. *Rhodes,* 308 Ill. 146,) and when so considered it is apparent that the Appellate Court erred in allowing defendant in error's motion to affirm without considering the errors assigned, based on the original bill of exceptions.

The judgment of the Appellate Court will be reversed and the cause remanded to that court, with directions to consider and determine all errors assigned by plaintiff in error upon the record.

*Reversed and remanded, with directions.*