William Schloz and Carolyn Schloz, Plaintiffs-Appellees, v. Grover Clements, Defendant-Appellant.

Gen. No. 10,016.

Third District.

October 19, 1955.

Rehearing denied November 28, 1955.

Released for publication November 28, 1955.

Hershey & Bliss, of Taylorville, for appellant; Charles E. Bliss, Richard G. Hershey, and Rolland F. Tipsword, all of Taylorville, of counsel.

Carl H. Preihs, of Pana, for appellees.

MR. JUSTICE CARROLL delivered the opinion of the court.

Defendant appeals from a judgment in favor of plaintiffs entered by the Circuit Court of Christian County in an action brought to recover the downpayment made on a contract entered into with one Laura Barton for the purchase of certain real estate.

From the record it appears that defendant was in the real estate business in Pana, Illinois; that he was employed by Laura Barton to sell a certain residence property in that city; that later the transaction which gave rise to the controversy here involved began when plaintiff, Carolyn Schloz, went to defendant's office to inquire concerning the Barton property; that plaintiffs, after inspecting the property, made application to the Pana Federal Savings and Loan Association for a loan thereon which was approved; that on April 6, 1951, plaintiffs and Laura Barton signed a contract which provided for payment by plaintiffs of the purchase price of $9,500, payable as follows: "$500.00 cash upon signing contract and the balance to be paid in cash upon approval of abstract"; that this contract was filed for record in the Recorder's Office of Christian County by plaintiffs on April 23, 1951; that plaintiff, Carolyn Schloz, testified that when defendant took her to see the property he told her he would guarantee the title to the same; that defendant testified that he did not remember exactly what he told plaintiff on such occasion; that he told her the title was good; that by way of impeachment it was shown that defendant in a pretrial deposition stated he told plaintiffs he would guarantee the title or "something to that effect"; that the abstract of title to the premises was examined by an attorney for the Pana Federal Savings and Loan Association who rendered his written opinion thereon; that in the opinion the examiner reported finding title to the premises in Laura Barton and L. E. Barton, as tenants in common; that L. E. Barton was deceased; that the abstract did not disclose whether he died

testate or intestate, or the names of his heirs, and that in order for Laura Barton to convey good merchantable title, it would be necessary that the estate of·L. E. Barton be probated; that the examiner concluded his opinion by suggesting the procedure to be followed by Laura Barton in clearing up the objections to the title; that the opinion contained no statement indicating that the examiner regarded the title as being one that could not be made merchantable; that on April 20, 1951, plaintiffs, the seller and the defendant met at the office of Guy Smith, an attorney representing Mrs. Barton, in an effort to make an arrangement satisfactory to the parties to the contract whereby the plaintiffs might have possession of the premises pending the clearing of the objections to the title; that at this meeting, according to the testimony of Mr. Smith, the parties reached an agreement on handling the transaction pending the probating of the L. E. Barton estate, which agreement was put in writing; that this agreement provided for payment by plaintiffs of six per cent interest on the unpaid balance of the purchase price; that plaintiffs objected to this interest payment and the contract was never executed by the parties; that thereafter, plaintiff, William Schloz, called the defendant and told him the deal was off; that on July 3, 1951, Attorney John W. Fribley, who represented plaintiffs, wrote the defendant and Attorney Smith advising them that plaintiffs were renouncing the contract with Mrs. Barton as being unenforceable for lack of mutuality and asking return of the $500 downpayment; that on or about July 7, 1951, the defendant distributed the earnest money for the benefit of Mrs. Barton as follows: $475 to himself as commission; $13.05 for abstract, and a check to the seller for $11.95; and that this action was then instituted against the defendant.

In the complaint as originally filed, plaintiffs allege that they were induced to sign the contract for the

purchase of the real estate from Laura Barton and to make the downpayment of $500 thereunder by certain false representations made to them by the defendant and upon which they relied; that the contract, therefore, lacked mutuality; that plaintiffs had demanded return of the amount of the downpayment and prayed judgment therefor.

Plaintiffs apparently abandoned the theory upon which recovery was sought in the original complaint and filed an additional Count designated as Count II of the Complaint. In this additional Count, it is alleged that in order to secure the downpayment of $500 from plaintiffs, the defendant acting as agent for Laura Barton, represented and guaranteed that the title to the property in question was merchantable; that the title to the property was not merchantable and that the contract between plaintiffs and Laura Barton was unenforceable. The defendant answered Count II denying the allegations thereof except that he was the agent of Laura Barton and received the downpayment for her. In special answers to which plaintiffs did not reply, the defendant alleges that he was a real estate agent for Laura Barton; that he was not a party to the contract which remains in full force and effect between the parties thereto.

The cause was tried by the Court. At the close of plaintiffs' proof, which was substantially in accord with the facts as herein outlined, the defendant moved for dismissal of both Count I and II of the Complaint. This motion was denied and defendant introduced no evidence. The Court thereupon entered judgment for plaintiffs on Count II of the Complaint in the amount of $475 and for costs.

The principal points relied upon by defendant in his argument for reversal of the judgment are, (1) that the contract between plaintiffs and Laura Barton and made the basis of the cause of action stated in Count II of the Complaint, constituted the whole agreement

between the parties thereto and that all prior negotiations between plaintiffs and defendant as agent for Laura Barton, including statements relative to the condition of his principal's title, are merged in the written agreement executed by her and the plaintiffs; (2) that plaintiffs failed to prove that the title to the real estate in question was not merchantable and that the contract was unenforceable.

The theory upon which plaintiffs base their right to recovery is that defendant guaranteed the title to the real estate to be merchantable; that said title was not merchantable; that the contract between plaintiffs and defendant's principal was thereby rendered unenforceable; that, therefore, Mrs. Barton had no right to the downpayment and the witholding of the same by the defendant became wrongful and that as a result thereof, the defendant is personally liable to plaintiffs for such downpayment.

The record in this case clearly shows that plaintiffs' action is brought upon the written contract between plaintiffs and Laura Barton. The defendant was not a party to such contract. It is obvious, therefore, that if any liability exists upon the part of the defendant, it must arise from some source other than such written contract.

■ Where as in this case the written agreement shows a complete legal obligation, all conversations and negotiations of the parties are merged therein and parol evidence to vary the terms of the contract is inadmissible. Robbs v. Illinois Rural Rehabilitation Corp., 313 Ill. App. 418; Watkins Co. v. Salyers, 384 Ill. 369; Vella v. Pour, 329 Ill. App. 355.

■ While in Count II of the Complaint, plaintiffs allege that "The defendant represented and guaranteed unto the plaintiffs that the title to said premises was good and merchantable and held in fee simple by the said Laura Barton," there was no proof of any agreement on the part of the defendant to become personally

514

liable upon the contract of his principal. The agency of the defendant was fully disclosed to the plaintiffs, who admittedly knew they were not contracting with defendant personally. Under the facts here disclosed, the defendant is not personally liable on the contract he negotiated on behalf of his principal with the plaintiffs. Chicago Title & Trust Co. v. DeLasaux, 336 Ill. 522.

This leaves for consideration, the question whether the defendant may be held liable for payment on the theory that he wrongfully withheld the downpayment after receiving notice from plaintiffs that they were renouncing the contract and were demanding a return of the amount paid on the purchase price. It may be granted that in a proper case such a theory might be sustained. In the case of Wheeler v. Cannon, 84 Ill. App. 591, cited by plaintiffs, the appellant as agent received $50 to be applied in payment of rent in case a lease was agreed upon by appellee and appellant's principal. No lease was consummated and the Appellate Court held appellant must return the $50 payment to appellee. A like holding is found in Smith v. Binder, 75 Ill. 492. In these cases, it appeared that the principal was never entitled to the payment sought to be recovered; however, in the instant case, defendant received the downpayment as agent for Mrs. Barton pursuant to the provisions of the contract executed by his principal and plaintiffs. There is nothing in the contract indicating that defendant was to hold the downpayment. The only connection between the defendant and this payment shown by the record, is the fact that the check of plaintiff William R. Schloz was payable to the defendant as agent. The contract provided for payment of "$500.00 cash upon signing of contract." This sum of money was paid to the seller, Mrs. Barton. It cannot be argued that Mrs. Barton was not entitled to receive the same. The fact that the payment was delivered to her agent does not alter the plain wording of the contract. It contains no provision for

payment of any part of the consideration for the contract to the defendant. The payment was a part of the subject matter of the contract, to which the defendant was not a party. Any right of plaintiffs to recover back the amount paid on the contract must be asserted against the party with whom they contracted and not against the defendant.

It may be further observed that we are not here confronted with the situation where an agent has received and holds money to which his principal is not entitled. Under the terms of the contract under consideration, the defendant did not receive nor does he hold money to which Mrs. Barton was not entitled. The contract provided that plaintiff should pay the purchase price of the real estate to Mrs. Barton. It is not disputed that plaintiffs paid the $500 to be applied on the purchase price at the time of or prior to the signing of the contract. This contract appears to be still in force and effect. The rights of the parties thereunder could only be determined as between such parties. Whether the plaintiffs are entitled to return of the money paid on the contract cannot be decided in this action to which Mrs. Barton is not a party.

A considerable portion of the briefs and argument of both parties are devoted to the question of the merchantability of the title of defendant's principal. In view of the conclusion we have reached, it becomes unnecessary to consider and pass upon this issue.

For the reasons herein stated, the judgment of the trial court is reversed.

Reversed.