Frances Zimmerman, Administrator of Estate of Catherine Zimmerman, deceased, Petitioner-Appellee, v. Cleta Schuster, Respondent-Appellant.

Gen. No. 11,080.

Second District, Second Division.
September 25, 1957.
Released for publication October 11, 1957.

536

McMullen & Flood, of Streator, for appellant.

Berry & O'Conor, of Streator, for appellee.

JUSTICE WRIGHT delivered the opinion of the court.

This action was initially instituted by the appellee, Frances Zimmerman, Administrator of the Estate of Catherine Zimmerman, deceased, hereinafter referred to as petitioner, upon a citation proceeding against the appellant, Cleta Schuster, Trustee herein referred to as respondent, in the Probate Court of LaSalle county, Illinois, to compel respondent to turn over to petitioner certain items of personal property, including certain United States Savings Bonds. An order was entered in the Probate Court denying the citation and an

appeal from said order was taken to the Circuit Court of LaSalle county. Upon hearing de novo in the Circuit Court, an order was entered upon the findings of the court ordering respondent to turn over personal property, including United States Savings Bonds, to the petitioner and impressing a resulting trust on said property for the benefit of the petitioner. From the order of the Circuit Court this appeal is taken.

There is involved herein questions concerning a certain trust agreement executed between the decedent Catherine Zimmerman and the respondent. The salient provisions of the trust agreement are as follows:

"Whereas, the Trustor desires to create a trust of the property described and set forth in the schedule hereto attached, marked 'SCHEDULE A', to be held upon the terms and conditions and upon the trusts hereinafter set forth and declared, and desires the Trustee to act as trustee hereunder, and the Trustee is willing to receive and hold such property upon such trusts;

"Now, Therefore, This Indenture Witnesseth:

"That the Trustor, in consideration of the sum of One Dollar ($1.00) to her in hand paid by the Trustee, the receipt of which is hereby acknowledged, has sold, assigned, transferred, conveyed and delivered, and by these presents does sell, assign, transfer, convey and deliver the securities and property described as Schedule A, hereto attached and made a part hereof as though set forth at length herein, to the Trustee to be taken and held upon the following conditions and trusts:

"The Trustee shall have the following rights and powers with respect to the trust estate:

"To invest and reinvest the trust estate during the life of the Trustor, upon her sole and absolute direction, and the Trustee shall not be responsible or liable for any loss or depreciation in value resulting from

any security purchased upon the direction of the Trustor.

*"After the death of the Trustor, the Trustee is given as full and complete power and authority over the trust estate and property, and each and every part thereof, as fully and to the same extent as any individual might, could or would have owning similar properties and securities in her own right."* (Italics ours)

*"Any and all determinations and decisions by the Trustee under this paragraph shall be conclusive for all purposes and upon all persons."* (Italics ours)

"The Trustee shall pay the Net Income derived from the Trust Estate to the Trustor during her lifetime, and such amounts from the Corpus of said Trust Estate as may be necessary, from time to time, to maintain and support the said Trustor in comfortable circumstances and surroundings.

"Upon the death of the Trustor the Trustee shall pay such of the expenses of her last illness and burial and such of her debts as the Trustee may approve.

"The Trustee shall have in her own right the opportunity to make a selection for her own use anything remaining undistributed out of the personal effects and furnishings in the home of the Trustor and shall dispose of the balance of the said personal effects and home furnishings in any way she shall determine."

Signed by Catherine Zimmerman and
Cleta Schuster and verified by
Rosena A. Walker.

This agreement, after reserving certain beneficial aspects to the settlor during her lifetime, failed to name remaindermen beneficiaries of the trust. The petitioner contends that the trust agreement on its face is void for indefiniteness for the reason that it purports to authorize the trustee to make a selection of remaindermen beneficiaries at her own discretion.

Petitioner further contends that since the express trust is void and the trustee does not claim to have a beneficial interest in the property, a resulting trust arises in favor of the petitioner.

Respondent concedes that the trust agreement is silent as to naming remaindermen beneficiaries but contends that the trial court erred in sustaining objections of the petitioner to parol testimony to prove that the settlor gave the trustee oral instructions at the time of the execution of the trust instrument naming remaindermen beneficiaries. The offered testimony to prove instructions given by the settlor to the trustee was to the effect that the settlor at the time of the execution of the trust agreement gave oral instructions to the respondent that upon the death of settlor she wanted the respondent to divide the balance of the property between fifteen nieces and nephews of the settlor.

The respondent in support of her contention quotes at length from the English case of Blackwell v. Blackwell, cited by respondent as appearing at 67 A. L. R. 336, decided by the House of Lords in 1929. In the Blackwell case, supra, a bequest in a will was made to five persons in trust for the purposes indicated by the testator to the trustees. These purposes were not stated in the will but had been told orally to the trustees and the trustees had promised to carry them out. The House of Lords sustained the trust. In the Blackwell case, supra, the will did not purport to give the trustees any discretion in disposing of the property. They were to hold it in accordance with definite instructions which had been given them orally.

In the instant case the trust agreement authorizes the trustee to dispose of the property as if it were her own. The trust instrument makes her decision final and conclusive.

540

In addition to the Blackwell case, supra, the respondent cites various cases for the proposition that the trial court erred in sustaining objections to parol evidence of instructions given to the trustee by the settlor at the time of the execution of the trust agreement showing the remaindermen beneficiaries. These cases cited by the respondent are as follows: McDiarmid v. McDiarmid, 368 Ill. 638, 15 N.E.2d 493; Albert v. Albert, 334 Ill. App. 440, 80 N.E.2d 69; Cagney v. O'Brien, 83 Ill. 72; Fox v. Fox, 250 Ill. 384, 95 N. E. 498; Kingsbury v. Burnside, 58 Ill. 310; Myers v. Myers, 167 Ill. 52, 47 N. E. 309.

It is our opinion that the factual situations in these cases and the instant case are not analogous. The McDiarmid case, supra, involved a memorandum indicating that the grantee in a deed took the property as trustee, the deed not containing any of the terms of the trust. Parol evidence of the terms of the trust was admitted. In the Albert case, supra, parol evidence was admitted to explain the terms of a bank deposit agreement. The Cagney case, supra, upheld a trust created by will wherein the executors were named trustees to dispose of certain funds as verbally directed. The Fox case, supra, upheld a trust created by deed to a named person as trustee, which deed did not set forth the names of beneficiaries or the terms of the trust, holding that the terms may be supplied aliunde. In both the Kingsbury case, supra, and the Myers case, supra, parol evidence was permitted to show that a trust was intended concerning instruments in the form of absolute deeds.

In the instant case it is apparent from a reading of the trust agreement that it is complete and absolute in itself. It recites that the settlor desires to create a trust of property described to be held on the "terms and conditions and upon the trusts hereinafter set forth and declared," that the trustee is willing to re-

ceive and hold the property "upon such trust," and that the property conveyed to the trustee is to be held by the trustee "to be taken and held upon the following conditions and trusts." It further provides that after the death of the settlor the trustee is given as full right over the trust estate as any individual might have over similar property that she owns in her own right.

To create a valid trust it is necessary that the beneficiary be designated with sufficient certainty to be capable of identification. In 54 Am. Jur., Trusts, Sec. 136, the general rule is set forth as follows:

"It is essential to the creation and existence of a trust that a cestui que trust or beneficiary, competent to take the beneficial interest thereof, be designated with sufficient clarity and certainty to be capable of identification, although not necessarily by name, and that such a cestui que trust or beneficiary be in existence, or at least, if not ascertainable until a future event or unborn, within the possibility of being ascertained or coming into existence. If beneficiaries are uncertain or impossible, there is no one who can take the benefit or compel performance of the trust. Uncertainty exists within the rule and prevents the creation of a valid trust where the trustee can select or change beneficiaries at his absolute discretion, . . ."

In Wilce v. Van Anden, 248 Ill. 358, 94 N. E. 42, the Supreme Court applied this general rule holding a certain clause of a trust void for uncertainty. In the Wilce case, supra, the trustees were given power to apply so much of the trust fund as they saw fit for the benefit of the needy brothers and sisters of the testator, and then to apply the remainder thereof, in their discretion, to the advancement of the cause of temperance or in the aid of one or more manual training schools of the city of Chicago. The court held this provision of the trust void for the reason that the trustees

542

had a discretion as to whether they would give what remained, if any, after the death of the annuitants, to a needy brother or sister or donate it to charity.

█ In the case of Wagner v. Clauson, 399 Ill. 403, 411–412, 78 N.E.2d 203, 207–208, the Supreme Court approved the following rule concerning the essential elements for a valid expressed trust:

"The essentials of an expressed trust, either in a deed or will, have been announced many times, as follows: 'It is essential to the creation of a trust that the declaration must make reasonably certain its material terms, and that these terms include, first, the subject-matter or property embraced within the trust; second, the beneficiaries or persons in whose behalf the trust is created; third, the nature and quantity of the interest which they are to have; and, fourth, the manner in which the trust is to be performed. If any of these necessary elements is not described with certainty, no trust is created.' Marble v. Marble, 304 Ill. 229, 136 N. E. 589, 592; Orr v. Yates, 209 Ill. 222, 70 N. E. 731; Snyder v. Snyder, 280 Ill. 467, 117 N. E. 465."

█ The law is well settled in Illinois that parol evidence is not admissible to vary, alter or contradict the terms of a written agreement that is complete on its face and unambiguous. I.L.P. Evidence, sec. 251. The written agreement professes to be the entire agreement of the parties, therefore parol evidence would not be admissible for purposes of variation, Gearon v. Airways Fireproofing System, 8 Ill.App.2d 317, 132 N.E.2d 62, and the written agreement being complete on its face, all conversations and negotiations of the parties are merged therein and parol evidence to vary the terms of the agreement is inadmissible, Schloz v. Clements, 7 Ill.App.2d 510, 130 N.E.2d 1. Accordingly, parol or extrinsic evidence is not admissible to show the intention of the parties. Harley v. Magnolia Petroleum Co., 378 Ill. 19, 37 N.E.2d 760;

Kopprasch v. Satter, 331 Ill. 126, 128, 162 N. E. 141, 142. In the Kopprasch case, supra, the court stated: "A written contract is one which is all in writing, so that all its terms and provisions can be ascertained from the instrument itself. Gronowski v. Jozefowicz, 291 Ill. 266, 128 N. E. 108; Sallo v. Boas, 327 Ill. 145, 158 N. E. 364. When parties reduce their agreement to writing, parol evidence is not admissible to contradict, enlarge, explain or modify the writing. Sallo v. Boas, supra."

Parol evidence of conversations prior to or contemporaneous with the execution of a trust agreement is not admissible to contradict or vary the terms of the instrument. Bogert, Trust and Trustees, Vol. 1, Sec. 51.

Accordingly, it is our opinion that the Trial Court did not err in refusing to admit parol evidence as to conversations between the deceased settlor and respondent to vary, add to or contradict the written trust agreement which is complete and unambiguous on its face. "Where an agreement purporting or relied on to create a trust is reduced to writing, parol evidence is not admissible to vary, add to, or contradict the written instrument, if such instrument is complete and free from ambiguity." 89 C.J.S. Trusts, Sec. 70. This rule was followed by the Supreme Court of Indiana, in the case of Colbo v. Buyer, 134 N.E.2d 45, 49, herein it is stated:

"There is nothing ambiguous in the terms of the trust, and the two instruments constituted one integrated transaction. Under such circumstances the parol evidence rule prohibits any attempt by the parties to add to, vary or change the terms of the trust."

" 'Under the parol evidence rule, if the manifestation of intention of the settlor is integrated in a writing. that is, if a written instrument is adopted by him as

544

the complete expression of his intention, extrinsic evidence, in the absence of fraud, duress, mistake or other ground for reformation or rescission, is not admissible to contradict or vary it. On the other hand, if the meaning of the writing is uncertain or ambiguous, evidence of the circumstances is admissible to determine its interpretation. . . . It is only where there is an equitable ground for reformation or rescission, such as fraud, duress, undue influence or mistake, that such evidence is admissible.' 1 Scott, Trusts, Sec. 38, pp. 226, 227."

" 'If a declaration of trust is in writing, oral evidence to·show that the terms of the trust were different from those appearing in the writing will clearly be inadmissible under the parol evidence rule.' 1 Bogert, Trusts and Trustees, Sec. 51, p. 373."

██ The trust agreement is void for indefiniteness of a stated or specified beneficiary. "The court can only find the existence of such a trust upon evidence of the terms and conditions of its creation. The conclusion cannot be derived from surmise, conjecture, or inference drawn from vague and uncertain premises. Even though the intention to create a trust in a party clearly appear, if the terms by which it is created are so vague and indefinite that the court cannot ascertain clearly either its object or the persons who are to take, then the trust will be held entirely to fail." Marble v. Marble, 304 Ill. 229, 239, 136 N. E. 589, 593.

██ It is next contended by the respondent that the Trial Court erred in declaring a resulting trust for the estate of Catherine Zimmerman, deceased. We cannot subscribe to this contention for the reason that the express trust having failed, for the want of designation of remaindermen beneficiaries, we conclude that a resulting trust arises in favor of the petitioner as a duly qualified and acting Administrator of the Estate of Catherine Zimmerman, deceased. Wagner v.

545

Clauson, 399 Ill. 403, 416, 78 N.E.2d 203, 210. A resulting trust arises on a failure of an express trust. First Trust & Savings Bank of DeKalb v. Olson, 353 Ill. 206, 187 N. E. 282. Under the trust theory, the taker of the original title never had any beneficial interest, and once sufficient basic facts are established, equity will enforce or execute the trust against the person so holding. 54 Am. Jur., Trusts, sec. 193; Rolofson v. Malone, 315 Ill. 275, 146 N. E. 169.

██ Respondent further contends that since United States Savings Bonds are governed by Federal Regulations the state courts have no right to apply the doctrines of constructive and resulting trusts to them. This argument is not convincing. "It is almost uniformly agreed that, under appropriate circumstances, . . . United States savings bonds or their proceeds can be impressed with a constructive trust for the benefit of a person other than the one to whom the bond normally would belong or be payable." 51 A.L.R.2d 170. Resulting trusts have been impressed on United States Savings Bonds or their proceeds in relatively few instances, and the impact of the Treasury Department Regulations as they may bear on the applicability of the resulting trust doctrine has seldom been the subject of judicial scrutiny. In the main, the limited amount of authority has considered that the Federal Statute and Treasury Department Regulations concerning United States Savings Bonds do not render the Bonds or their proceeds immune to the resulting trust doctrine; and that in a proper case such Bond or their proceeds may be impressed with a resulting trust. 51 A.L.R.2d 173.

Respondent also contends the court erred in declaring a resulting trust for the benefit of the estate of Catherine Zimmerman, deceased, since all the property was held in the name of Catherine Zimmerman or Cleta Schuster and by implication argues the property

546

should be the individual property of Cleta Schuster. With this contention we cannot agree. In all of the proceedings, county court, circuit court and appellate court, Cleta Schuster has never seriously contended to have an individual or beneficial ownership of said property.

Schedule A attached to the trust agreement contains, among many other items, two United States Savings Bonds with total maturity value of $2,000 payable to Catherine Zimmerman or Robert Zimmerman. Petitioner and respondent both agree that these bonds are the property of Robert Zimmerman and the Trial Court so found. However, respondent contends that the Trial Court erred in making such a finding. This is certainly no reason for reversing the Trial Court and the Trial Court's finding in this respect was proper.

Respondent finally contends, without citation of authorities, that the court erred in not charging the Trust Estate with the costs, reasonable attorneys fees and expenses in defending the Trust. While this matter was raised and discussed in the Trial Court, the question was never ruled upon or decided by the Trial Court and therefore cannot be before this court on review. Laterza v. Murray, 2 Ill.2d 219, 117 N.E.2d 779, LaSalle Nat. Bank v. MacDonald, 2 Ill.2d 581, 119 N.E.2d 266. Also, there is not before us for review any amounts for such reasonable fees, costs and expenses and no evidence in the record before us concerning this. Moody Bible Institute of Chicago v. Pettibone, 289 Ill. App. 69, 6 N.E.2d 676.

For the reasons stated herein the judgment of the Circuit Court of LaSalle county should be and it is hereby affirmed.

Judgment affirmed.

CROW, P. J. and SOLFISBURG, J., concur.