---
Statement.
---

# Richmond.

## Sims *v.* Sims.

### April 20, 1897.

1. Chancery Practice—*Final and interlocutory decrees.*—A decree which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court, is a final decree. But a decree which leaves anything to be done by the court *in* the cause is interlocutory as between the parties remaining in the court.

2. Wills—*Trust created by will—Beneficiary, or nature of trust not disclosed—Parol evidence.*—Each and every part of the last will and testament of a decedent must, under the Virginia statute, be in writing and executed in the mode prescribed by the statute, and if any part is in parol, such part is, in the absence of fraud, void and inoperative. If a trust is created by a will, but the beneficiary is not disclosed or cannot be discovered from the will itself, the trustee holds the devise or bequest for the benefit of the heirs or distributees of the testator. The equitable interest goes to them by way of a resulting trust. If the will discloses the beneficiary but not the nature of the trust, the latter cannot be supplied by parol, and the trustee is invested with a naked trust, while the beneficiary takes an absolute equitable estate, with the equitable right to immediate possession of the *corpus* of the trust.

Appeal from a decree of the Circuit Court of Greene county, pronounced June 22, 1895, in the chancery suit of *Sims' Ex'or* v. *Sims & others*, in which the appellee was admitted a party on his petition.

*Affirmed.*

The opinion states the case.

*F. M. & C. F. McMullen, Hay & Jeffries* and *T. C. Gordon,* for the appellant.

*Patrick & Gordon, Daniel Harmon* and *Geo. Perkins,* for the appellee.

Riely, J., delivered the opinion of the court.

According to the uniform decisions of this court, a decree which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court, is to be regarded as final; and, on the other hand, every decree which leaves anything to be done by the court in the cause is interlocutory as between the parties remaining in the court. *Cocke's Adm'r* v. *Gilpin*, 1 Rob. 20; *Ryan's Adm'r* v. *McLeod et als.*, 32 Gratt. 367; *Rawlings' Ex'or* v. *Rawlings et als.*, 75 Va. 76; and *Wright, &c.* v. *Strother &c.*, 76 Va. 857.

Applying this test to the decree of November term, 1893, it cannot be pronounced to be a final, but is an interlocutory decree.

The bill was filed by the executor of the decedent against the legatees for the construction of the will and the administration of the estate under the direction of the court. It prayed that an account be taken of the outstanding debts, that the executorial account be stated and settled, and that the estate be distributed among the parties entitled thereto. The decree referred the cause to one of the commissioners of the court to take, state, and report to the court at its next term an account of the transactions of the executor, and also an account of the debts, if any, against the estate. Such an order is of the very essence of an interlocutory decree. *Templeman* v. *Steptoe*, 1 Mun. 339; *Barker* v. *Jenkins*, 84 Va. 899; and *Welsh* v. *Solenberger*, 85 Va. 441. It is difficult to understand how a decree which ordered such accounts to be taken and reported to the court could be considered final. It wholly lacked the characteristics of a final decree. It plainly contemplated and required further action by the court in the cause in order to give the requisite relief. The confirmation by the court of the report of the commissioner was necessary to establish the debts, if any, reported against the estate, to

give finality to the settlement of the transaction of the executor, to determine and settle the shares of the respective legatees, and enable the court to decree the payment thereof. It is true that the decree proceeded to construe the will and declare in what manner the estate should be distributed, but this was simply to decide the principles of the cause as preliminary to the complete relief to be granted.

The decree being interlocutory, it was entirely competent for the committee of John B. Sims, a lunatic, to file his petition in the cause to have the decree reheard, the will of the decedent construed, and the estate distributed in accordance with such construction.

The testator, by the fifth clause of his will, gave one-third of his estate, after deducting the provision made for his widow, to his nephew, W. B. Sims, "to be disposed of by him as a private trust, about which I shall give him specific verbal directions, having full confidence in his honesty to carry out my wishes in regard to this bequest; but if my afflicted son, John B. Sims, who is now an inmate and patient of the Western Lunatic Asylum, should die before my death, then it is my will that this bequest to my said nephew, W. B. Sims, shall be revoked from and after the death of my said son, and the legacy thus conditionally bequeathed to the said W. B. Sims, I give and bequeath to be equally divided between my son, Wilson T. Sims, and his daughter, Sarah Jane Sims, with the same limitations and conditions attached thereto as to the other legacies given to them respectively in this will."

The will, on its face, shows plainly and unequivocally that the bequest to W. B. Sims was a gift to him upon trust. He was not to take any beneficial interest in it, and will not be permitted to enjoy it. It does not, however, disclose the verbal directions upon which he was to administer the trust. As to these, the will is silent, and if they were ever given by the testator, they constitute no part of his will. They were

not incorporated into it, and parol evidence is inadmissible to show what they were. *Heidenheimer* v. *Bauman,* 84 Texas 174, S. C. 31 Amer. St. R. 29; and 1 Redfield on Wills, 496-508.

Our statute of wills, except in the case of a soldier in actual military service, or a mariner or seaman at sea, declares, so far as it affects the case before us, that "no will shall be valid unless it be in writing and signed by the testator, or by some other person in his presence and by his direction, in such manner as to make it manifest that the name is intended as a signature." Code, sec. 2514. Each and every part of the last will and testament of a decedent must be in writing, and be executed in the mode prescribed by the statute, and if any part is in parol, such part is void and inoperative, in the absence of fraud. In *Sprinkle et als* v. *Hayworth et als.,* 26 Gratt. 392, it was said by Judge Moncure, in delivering the opinion of the court, that the statute of wills "plainly forbids that a parol will, whether in the form of a trust or otherwise shall be set up and established."

An exception to the rule is allowed and enforced in equity where the devisee or legatee has procured an absolute devise or bequest to himself by promising the testator that he would hold it for the benefit of another, and afterwards refuses to perform his promise, but claims to hold the property in his own right and for his own benefit. The exception to the rule is allowed upon the ground of the trust resulting from the confidence reposed in him by the testator, and because not to do so would be to permit the devisee or legatee to profit by his own fraud, and in such case to convert the statute of wills into a law for the consummation of fraud, instead of being a law for its prevention. Pomeroy's Eq. J., secs. 430, 919, and 1054; *Sprinkle et als.* v. *Hayworth et als., supra; McCormick* v. *Grogan,* 4 Eng. and Irish Appeals 82; *Towles* v. *Burton,* 24 Amer. Dec. 409; and *Hoge* v. *Hoge,* 26 Amer. Dec. 52.

Where a trust is created by a will, if the beneficiary is not disclosed or cannot be discovered from the will itself, the trustee holds the devise or bequest for the benefit of the heirs or distributees of the testator. The equitable interest goes to them by way of a resulting trust. *Heidenheimer* v. *Bauman, supra; Olliffe* v. *Wells*, 130 Mass. 221; and Lewin on Trusts and Trustees, mar. p. 75.

But in the case at bar, while the verbal directions of the testator in regard to the trust created by his will are not in writing, and parol evidence is inadmissible to prove them, we are of opinion that the will points out and sufficiently designates the testator's son, John B. Sims, as the sole beneficiary of the trust. This is plainly and necessarily implied by the direction that if his "afflicted son, John B. Sims, who is now an inmate and patient of the Western Lunatic Asylum, should die before" the testator, the bequest to W. B. Sims should be revoked from and after the death of John B. Sims, and the legacy conditionally bequeathed to W. B. Sims in trust be equally divided between Wilson T. Sims and Sarah Jane Sims, the son and granddaughter of the testator. The testator's afflicted son is clearly the object of his bounty. The trust is to arise if he survive the testator, but is to have no existence if he should die in his lifetime.

The verbal provisions in respect to the trust, whatever they were, being void and inoperative, the bequest was simply a gift to W. B. Sims in trust for John B. Sims, without further specification or directions —a mere naked trust—with the absolute equitable estate in the beneficiary, and the equitable right in him to be put in actual possession and enjoyment of the *corpus* of the trust. Lewin on Trust and Trustees, marg. p. 21. He had, therefore, the right to have it turned over to him, or rather, being a lunatic, to have it decreed to his committee. This is what was done by the Circuit Court, and its decree must be affirmed.

*Affirmed.*