Robinson, J.
 

 An action was begun in the court of common pleas of Franklin county by the executors
 
 *426
 
 of the estate of Charles L. Kurtz, deceased, for a construction of their decedent’s last will and testament, and the direction of the court in respect thereto. The item in question of the will reads as follows:
 

 “Second: I give, devise and bequeath to William M. Kurtz of Westerville, Ohio, and to Charles J. Kurtz of Columbus, Ohio, all of my property, both real and personal, who will make certain provision and distribution, as follows: To my daughter, lone Kurtz — one-fifth of the same; to my daughter, Eleanor K. Beaton — one-fifth of the same; to my son, Charles J. Kurtz — one-fifth of the same; to relatives of my deceased wife, Vivian E. Kurtz — one-fifth of the same, as my executors have been otherwise instructed; and the remaining one-fifth share to be distributed as I have likewise instructed my executors.”
 

 The record discloses that the will was duly executed and admitted to probate in Franklin county, Ohio, and that William M. Kurtz and Charles J. Kurtz were duly appointed as executors thereunder. The petition alleges and the record shows that the executors did not receive any instructions from the testator other than the will itself. The record shows that the testator’s wife, Vivian E. Kurtz, deceased in October of 1922; that the testator executed the above will in February of 1923; that the testator deceased in March of 1929; that Ernest E. Ebersole was the only brother of Vivian E. Kurtz and her nearest relative at the time of her decease, as well as at the time of the execution of the testator’s will and at the time of the testator’s death; that Vivian E. Kurtz died without issue, and was a stepmother to testator’s three children mentioned in the will;
 
 *427
 
 that Caroline Cadwell, Myrta Healey, Ralph Rowley and Daisy Rowley Schmidt are cousins of the testator ’s deceased wife; that in addition to her brother Ernest E. Ebersole, Vivian E. Kurtz had a half-brother and numerous other relatives; that the testator had affection for some of the remote relatives of Vivian E. Kurtz.
 

 In the trial court it was held that the fourth one-fifth clause is invalid as to the clause “as my executors have been otherwise instructed,” and that the other words of that clause are sufficient to cast that portion of the estate upon the next of kin of the deceased wife; that the fifth one-fifth clause of the will is indefinite as to the beneficiaries; and that the attempted provisions thereof fail.
 

 Three separate petitions in error were filed in the Court of Appeals, which, by consent of the parties, were there consolidated, the cause reviewed, and the judgment of the court of common pleas affirmed. The same groups filed separate motions here for an order of this court requiring the Court of Appeals to certify its record. These motions were sustained, and the cases are here heard as one.
 

 There is no controversy as to the beneficiaries of the first three one-fifth clauses of the above item of the will.
 

 It is the contention of the executors and the three children of the testator that both the fourth one-fifth clause and the fifth one-fifth clause are void for indefiniteness of beneficiary or beneficiaries, and therefore such executors must distribute to the heirs at law of the testator.
 

 It is the contention of Ernest E. Ebersole that the word “relatives” in the fourth one-fifth clause con
 
 *428
 
 templates next of kin, and that therefore it was the intention of the testator that his executors distribute to him, and that the intention of the testator with reference to the fifth one-fifth clause was the same as his intention with reference to the fourth one-fifth clause, and that therefore the executors must distribute to him that fifth as well as the fourth one-fifth.
 

 It is the contention of the other relatives of Vivian E. Kurtz that the testator, as to the fourth one-fifth and the fifth one-fifth clauses, conferred upon his executors the power of appointment from all such relatives, and that his executors must exercise such power and make selection of a distributee, or of distributees, from all the relatives of Vivian E. Kurtz for two-fifths of the estate.
 

 Both lower courts held that the will was not ambiguous. They were probably technically correct, notwithstanding the fact that to give effect to the fourth one-fifth clause the court was obliged to ignore certain language therein contained, and to interpret “relatives” in the singular and as meaning “next of kin,” and was unable to determine at all who was the intended beneficiary of the fifth one-fifth clause. Perhaps the will could better be designated as “incomplete” than as “ambiguous.”
 

 It is apparent, by the statement of the testator in his will, that he believed that he had instructed his executors to whom of his wife’s relatives, and in what manner and proportion, they should distribute the fourth one-fifth of his estate, and to whom and how generally they should distribute the fifth one-fifth of his estate.
 

 While the record discloses that the executors never
 
 *429
 
 received such or any instruction, that fact is not significant, since proof of such instruction, in so far as it is made to appear by the provisions of the will, must have rested wholly in parol. If this' state is to be classed with the jurisdictions recognizing the power of a testator to incorporate provisions in his will by reference, the provision of Section 10505, General Code, ‘ ‘ except nuncupative wills, every last will and testament must be in writing,” would preclude the inclusion by reference of any thing other than an existing manuscript or some other material thing which might fall within the general classification of a writing.
 

 We are not advised as to the exact wording of the legislation of those jurisdictions that have recognized the power of a testator to incorporate by reference. In all jurisdictions, however, the right to dispose of property by will rests upon statutory enactment. We know of no authority in any jurisdiction thgt has gone so far as to permit the incorporation by reference of instructions resting wholly in parol, or that has gone beyond the power to incorporate by reference a paper writing, schedule, or document physically in existence at the time of the execution of the will, and of such materiality as to permit of identification by description.
 

 In
 
 Wilcox
 
 v.
 
 Attorney General,
 
 207 Mass., 198, 93 N. E., 599, Ann. Cas., 1912A, 833, and
 
 Sims
 
 v.
 
 Sims,
 
 94 Va., 580, 27 S. E., 436, 64 Am. St. Rep., 772, it was affirmatively held that a reference to a parol instruction is ineffective and void under the statute of wills.
 

 The courts below had no difficulty in arriving at the .conclusion that the clause “as my executors have
 
 *430
 
 been otherwise instructed” was ineffective to identify any person as testator’s beneficiary, or to impose any legal' duty upon his executors with reference thereto, and therefore ignored the clause entirely. It does not follow that because an attempt to incorporate in a will, by reference, a writing or document that never existed, or an attempt to incorporate, by reference, a parol instruction, is ineffective to accomplish such purpose, the words employed in such attempt, because ineffective to accomplish the intended purpose, are to be expunged or obliterated from such will for all purposes. The duty of the court is to ascertain the intention from the will itself, and in so doing to consider every provision of the will in the light of every other provision.
 

 Rules of construction, however logical or authoritatively promulgated, are only useful or applicable in so far as they aid in arriving at the correct conclusion as to the intention of the testator as disclosed by his will, and no rule may be invoked which will thwart an expressed intention. No inference of a given intention can be indulged where the language of the testator, dispositive or otherwise, negatives such inference.
 

 Analyzing item second clause by clause, the testator, in that part of the item “I give, devise and bequeath to William M. Kurtz of Westerville, Ohio, and to Charles J. Kurtz of Columbus, Ohio, all of my property, both real and personal,” gave to his executors the corpus of the estate; but in the succeeding clauses, “who will make certain provision and distribution as follows: To my daughter, lone Kurtz — one-fifth of the same; to my daughter, Eleanor K. Beaton — one-fifth of the same; to my son,
 
 *431
 
 Charles J. Kurtz — one-fifth of the same,” limited their interest in three-fifths of such estate to that of trustees for division and distribution to his daughters and son, by name, in equal shares.
 

 In the next clause he likewise limited his executors ’ interest in another one-fifth of such estate to that of trustees for division and distribution “to relatives of my deceased wife, Vivian E. Kurtz.” Had he ended that clause there, the executors-would have been faced with the problem of determining whether he intended by the use of the word “relatives” all the relatives of Vivian E. Kurtz, however remote, or whether he intended to confer upon them the power of appointment from such relatives, or whether he intended next of kin only.
 

 It is sufficient for a court to construe a will as it is. The testator, having used language susceptible of various interpretations, directed that such language should be interpreted by an instruction he said he had “otherwise” given his executors. He thus definitely indicated that the clause had some special meaning, which the language itself did not disclose— a meaning to decipher which required the application of the instruction by him ‘ ‘ otherwise” given. Manifestly, if he had intended that his meaning was to be gathered from the language, “to relatives of my deceased wife, Vivian E. Kurtz — one-fifth,” he would not have deemed it necessary to have limited and defined the meaning of that language by the additional language, “as my executors have been otherwise instructed.”
 

 Having made it clear that he intended this clause of his will to be limited and defined b.y an “otherwise” instruction, such “otherwise” instruction ex-
 
 *432
 
 eluded the application of any and all other rules of construction or definitions of words that might have been applicable to the language used; and having failed to put such ‘ ‘ otherwise ’ ’ instruction into legal form, he left his will, as to that one-fifth of his estate, incomplete.
 

 A court is no more authorized to speculate on what that instruction was or would have been had it in fact been given, and thus supply the testator’s omission, than it would be authorized to speculate on what disposition an intestate decedent; who had desired to die testate, would have made of his estate had he accomplished his desire and executed a will, and thus supply such intestate’s omission.
 

 Having expressly limited the scope and effect of the language “relatives of my deceased wife,” to instructions otherwise given, the testator excluded from consideration every key to the interpretation of the language used except the key contained in such ‘ ‘ otherwise ’ ’ instruction. Such instruction having been withheld by the testator, it can not be supplied by the executors or a court.
 

 That which has been said as to the fourth one-fifth clause may and must be said, with the same force of the fifth one-fifth clause.
 

 The argument that it is apparent from the will that the testator only intended for his children to have three-fifths of his estate, because he bequeathed to each a one-fifth, would always obtain where a testator died intestate as to any portion of his estate.
 

 The only inference of intention with reference to his own children that may be drawn from the bequest to them of a fifth each is that he intended them to have that much by testamentary devise.
 

 
 *433
 
 The fourth one-fifth clause, “to relatives of my deceased wife, Vivian E. Kurtz — one-fifth of the same, as my executors have been otherwise instructed,” and the fifth one-fifth clause, “and the remaining one-fifth share to be distributed as I have likewise instructed my executors,” being uncertain as to beneficiary and limited by and wholly dependent upon an undisclosed, unascertainable instruction to his executors, are void for uncertainty of beneficiary; and as to such two-fifths a resultant trust in favor of the heirs at law will be held.
 

 The judgment in cause No. 22468 will
 
 be
 
 reversed.
 

 The judgment in cause No. 22494 will
 
 be
 
 affirmed.
 

 Marshall, C. J., Matthias, Day, Allen and Kinkade, JJ., concur.
 

 Jones, J., not participating.