(No. 22447.—

C. J. ESCHMANN, Exr., Appellee, *vs.* BERNARD CAWI, Appellant.

*Opinion filed June 19, 1934—Rehearing denied October 5, 1934.*

R. E. GAUEN, and J. FRED GILSTER, for appellant.

JOSEPH W. RICKERT, and WEIHL & WEIHL, for appellee.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

A petition was filed in the probate court of Monroe county to probate an instrument purporting to be the last will and testament of Louis Strodt, deceased. Probate was denied by the county court. Upon an appeal to the circuit court probate was allowed. From that order Bernard Cawi, one of the heirs-at-law of decedent, has prosecuted an appeal to this court.

The instrument offered for probate consists of two sheets of paper neatly pasted together so that they appear to be one continuous sheet. On the paper which constitutes the upper portion of the connected sheet, the testator with his own hand wrote a will dated October 25, 1909. Immediately following his genuine signature is an attesting clause, and under it appear the names Adam J. Mentel and Anton Brinkman as witnesses. These names are in the handwriting of the testator and are not the signatures of Mentel and Brinkman. Standing alone this will was not entitled to probate because it was not attested as required by law. On this piece of paper, and directly under the names of Mentel and Brinkman, begins a codicil, also in the handwriting of the testator, dated February 11, 1920. The writing extends over the remaining space of the first sheet and onto the other. The codicil is signed by the testator, and by Ambrose Schmitt and Charles S. Jung as witnesses. No serious question is raised as to the sufficiency and validity of the execution of the codicil and none appears. The question is presented, however, as to whether the codicil has the legal effect of validating the document first written, so as to blend its provisions with those of the codicil and make the entire instrument the last will of the testator. Appellant contends the codicil does not have that effect because it does not refer to the first instrument in sufficiently definite terms to constitute it a part of testator's will. The reference contained in the codicil is in

the following language: "I do hereby ratify and confirm the terms and provisions of the instrument bearing date October 25, 1909, as my last will and testament."

A will may by reference incorporate into itself some other paper which is not a valid will because of its lack of proper execution. Page, in his work on Wills, (1901 ed. secs. 162, 163,) enumerates the essentials for the incorporation of such an instrument. That enumeration has been approved by this court in *Keeler* v. *Merchants Trust Co.* 253 Ill. 528. Summarized, the requisites are, that (*a*) the will must not only refer to such paper as being in existence at the time of the execution of the will, but it must, in fact, exist at that time; (*b*) the reference must show the testator's intention to incorporate the instrument in his will; and (*c*) the instrument to be incorporated must correspond to the description contained in the reference. In this case the codicil refers to an instrument dated October 25, 1909, which is the date of the will to which the codicil is attached. That the instrument sought to be incorporated was, in fact, in existence at the time the codicil was executed is evidenced by the fact that the codicil is partly written on the same sheet of paper as the instrument referred to. The letters in some of the words in the fifth line of the codicil (it being the first line of the attached paper) extend upward and onto the first sheet in substantial continuity. An inspection of the connected papers clearly shows that they were pasted together prior to the time the testator wrote the codicil. The intention of the testator to incorporate the instrument in his will is evident not only from the language used by him but also from the physical fact of his pasting the sheets of paper together before he wrote the codicil; and lastly, the instrument to be incorporated corresponds to the description contained in the reference. However, in this connection appellant claims that the date of this document is October 20, 1909,

and not October 25, 1909. An enlarged photostat of this date leaves no doubt that the date is October 25 and not October 20.

The authorities are uniform in holding that where a codicil clearly and unmistakably refers to another paper so as to preclude all doubt of its identity, and where the evidence is clear that the testator intended to make that paper a part of his will, then proof of the execution of the codicil according to the laws of the State establishes both instruments as the will of the testator. (*Duncan* v. *Duncan,* 23 Ill. 306; *Fry* v. *Morrison,* 159 id. 244; *Newhall* v. *Newhall,* 280 id. 199.) The fact that a purported will was not duly attested does not militate against the effectiveness of the codicil. It makes no difference that the instrument to be incorporated has been defectively executed and not attested, if the codicil itself has been executed and attested according to law and contains proper reference to the other instrument. The execution and attestation of the codicil cures the defects and omissions in execution of the incorporated document. *Stover* v. *Kendall,* 41 Tenn. 557; *Skinner* v. *American Bible Society,* 92 Wis. 209; *In re Walton's Estate,* 194 Pa. St. 528; Page on Wills, (1901 ed.) secs. 307, 308.

As to the proof of execution of the codicil, it appeared that when the instrument was offered for probate, Ambrose Schmitt, one of the attesting witnesses to the codicil, was dead. The other witness, Charles S. Jung, testified that he was present when Schmitt signed as a witness and saw him affix his signature; that the testator also signed it in the presence of witness and Schmitt, and that each witness signed the will in the other's presence and in the presence of the testator. He further testified that the testator told the witness that the instrument was his will, and that he (the witness) believed the testator to have been of sound mind and memory and under no unlawful constraint when the will was signed.

It is claimed that notwithstanding Jung testified he believed the testator was of sound mind and memory when he executed the codicil, his entire testimony shows that the testator was not of sound mind at that time. Reliance is put upon the testimony which disclosed that the testator was a victim of "fits" and about two years subsequent to the date of the codicil was declared insane and sent to a sanitarium, where he remained until his death, about six or seven years later. The witness testified he saw the testator nearly every day between the date of the codicil and the time when the testator was taken to the sanitarium. Counsel representing appellant then asked the witness a series of questions to ascertain whether or not the testator's mental condition was the same when he executed the codicil as it was when he was committed to the sanitarium. Objections to these questions were properly sustained by the court. The mental condition of a testator after a will has been executed can be shown only where the evidence will tend to show his condition at the time he executed the will. (*Todd* v. *Todd*, 221 Ill. 410.) There is nothing in the record to show that decedent's insanity two years afterwards arose from any source existing at the time the codicil was executed. It is not shown what was the nature of the "fits" to which the testator was subject and there is nothing to indicate that they were likely to or did affect his mentality. So far as the record shows, his insanity may have been produced by some cause wholly independent of what the witness termed "fits." Even evidence of periodical epileptic seizures is not of itself such proof as will justify a presumption of insanity or lunacy. (*Brown* v. *Riggin,* 94 Ill. 560.) Counsel also asked the witness if Adam Mentel, whose name was attached to the original document, had not told him of his seeing another will executed by the testator prior to the date of the codicil. Without reference to the materiality of the subject matter of the ques-

tion, there was no error in sustaining an objection to it on the ground that it called for hearsay testimony.

There was no proof of fraud, compulsion or other improper conduct in the execution of the instrument offered for probate. The necessary proof for its admission was made, and the circuit court's order in admitting the two sheets, sealed together as described, as one instrument and as the last will and testament of the decedent, is therefore affirmed.

*Order affirmed.*