MARJORIE H. ULOTH, executrix, *vs.* M. AGNES W. LITTLE & others.

Essex.    May 9, 1947. — June 2, 1947.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Devise and Legacy,* Creation of trust. *Trust,* Express trust: validity; Resulting trust.

A provision of a will bequeathing certain property "to be distributed by . . . [the legatee] to such person or persons as I may direct by a letter added hereto" created a trust which was too indefinite for enforcement where no such letter was "added" to the will; and the beneficial interest went by way of a resulting trust to those entitled to the residuary estate.

PETITION for instructions, filed in the Probate Court for the county of Essex on October 5, 1945.

The case was heard by *Costello,* J.

*P. I. Lawton,* stated the case.

*J. A. Locke,* for the respondent Little.

*C. F. Leary,* for the respondents Greene and another.

DOLAN, J.   This is an appeal by M. Agnes W. Little, one of the respondents (also known as Agnes Little), from a

decree entered in the Probate Court instructing the executrix of the will of Charlotte F. Choate as to the proper distribution of certain personal property bequeathed by the testatrix in terms hereinafter set forth.

By paragraph 6 of the will the testatrix provided as follows: "All the remaining contents of my house I give to Agnes Little, wife of Sumner Little, to be distributed by her to such person or persons as I may direct by a letter added hereto." At the hearing in the court below the parties agreed that certain specific articles of personal property were those referred to in the will as the "remaining contents of . . . [her] house," and also agreed that the testatrix "left no letter added to her said will . . . in which was designated the name of any person or persons to whom distribution was to be made by said Agnes Little pursuant to the terms of clause 6." The judge entered a decree instructing the petitioner that the respondent M. Agnes W. Little "took no beneficial interest in the property disposed of under paragraph 6 of said will, and that the petitioner should distribute the said property as part of the residue of said estate."

The decree entered by the judge is right. The bequest in question to Mrs. Little gave her no beneficial interest in the property bequeathed. It required her to distribute the property bequeathed in accordance with the directions of the testatrix in a letter "added" to her will, and no such letter has been found. By this provision the testatrix attempted to create a trust which is too indefinite to be carried out. It is settled that where, as in the instant case, the will shows upon its face that the named legatee takes the legal title only and not the beneficial interest, the trust not being sufficiently defined by the will to take effect, the equitable interest goes by way of a resulting trust to those entitled to the residuary estate under the terms of the will of the testatrix as property of the deceased not otherwise disposed of by the will. *Olliffe* v. *Wells*, 130 Mass. 221, 223, 226. *Warner* v. *Bates*, 98 Mass. 274, 277–278, and cases cited. *Sears* v. *Hardy*, 120 Mass. 524, 541–542. *Nichols* v. *Allen*, 130 Mass. 211, 212, and cases cited. *Minot* v.

*Attorney General*, 189 Mass. 176, 180.  *Blunt* v. *Taylor*, 230 Mass. 303, 305.  *Old Colony Trust Co.* v. *Cleveland*, 291 Mass. 380, 382.  *Old Colony Trust Co.* v. *Wadell*, 293 Mass. 310, 313.  See *National Shawmut Bank* v. *Joy*, 315 Mass. 457, 470.

<div align="right">

*Decree affirmed.*