(No. 30362.

BERNARD C. WAGNER *et al.*, Appellees, *vs.* KATHERINE CLAUSON *et al.*, Appellants.

*Opinion filed March 18, 1948.*

404

CARL E. PHILLIPS, LONDON G. MIDDLETON, WILBUR D. DERSCH, CHESTER L. ANDERSON, and WAYNE B. MILLER, all of Peoria, for appellants.

BARTLEY & BARTLEY, of Peoria, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Peoria County construing the last will and testament of Elizabeth Gift, who died February 4, 1945, leaving a considerable amount of real estate and personal property in that county. The sole heirs-at-law of Mrs. Gift are all first cousins, and are the persons named as heirs-at-law in the pleadings in this case. The appellants are Miss Katherine Clauson, who had been a confidential employee of the decedent for many years prior to her death, and the persons mentioned in the memorandum hereafter described.

Mrs. Elizabeth Gift left a last will and testament, which was executed on March 7, 1940, and the construction of which is the subject matter of this case. The will is in the usual form, and only the clauses involved in this case are set forth. The second clause is as follows: "Second: I give and bequeath the sum of Twenty Thousand Dollars ($20,000.00) to my good friend and faithful companion Katherine Clauson of Peoria, Illinois, and I direct that this legacy shall be paid free from any inheritance, transfer, succession, legacy or estate tax and that all such taxes be paid out of the residue of my estate." The third clause of the will consists of two paragraphs, the first of which is: "Third: All the rest, residue and remainder of my property, real, personal, and mixed and wherever situated, I give, devise and bequeath to Katherine Clauson, as Trustee, for the purpose of converting it into cash and making distribution thereof in accordance with a memorandum of

instructions prepared by me and delivered to her. I make division of the residue of my estate in this manner so that only Katherine Clauson and the distributee shall know of its disposition." The second paragraph of the third clause is as follows: "I nominate and appoint Katherine Clauson as Executrix and Trustee of this my Last Will and Testament, and request that she be not required to furnish bond for the faithful performance of her duties as such. I authorize and empower my said Executrix and Trustee to sell any or all of my property at public or private sale as in her discretion seems best, and to execute and deliver all instruments of transfer necessary to complete such sales."

The will was witnessed and attested in the manner required by law, and Miss Clauson, as the executrix, presented the will for probate in the probate court of Peoria County. At the hearings upon the probate it developed from the testimony of Miss Clauson that when she had opened the safety-deposit box, with a representative of the Attorney General, after the death of Mrs. Gift, she found the will, and with it a sealed envelope addressed to her in the handwriting of Mrs. Gift, which she had not opened. As a result the sealed envelope was procured by an order of the probate court, and opened by the judge of that court. In it was found a paper in the handwriting of Mrs. Gift, dated March 12, 1940. It is referred to in the briefs as a memorandum of instructions and, although it contains no such title as a part thereof, it is as follows:

"I bequeath to Katherine Clauson my faithful friend and companion my autoradio, seal skin jacket, Charlie's diamond ring, two red rugs in living room, and any thing else you want, also the residue of my estate after all bequests are taken care of—To Jennie Colwell my marquise ring and any thing else she might want—& two thousand dollars To Julia Mihigan the largest rug in your room—& one thousand dollars, you to keep it and give her ten dollars at Christmas, birthday and Easter, if there is any left at her death you keep it—To Julia and Jennie Colwell my clothes and coats—To Mary Foster my diamond earrings To Lucile and

Harriet Foster my gold bracelets To Genie King the dozen butter cut forks To Annie Spurck The blue turkey platter & the dozen dessert spoons. To Luelle Foster the onyx bracelet and clip-silver salad forks & any thing else she might like  To Blanche Lyons my opal earrings—To Josephine Selby ½ doz silver forks and ½ doz pearl handled knives—To Virginia Carlin ½ doz silver forks and ½ doz pearl handle knives—To Audrey Gift Mrs. Gift's diamond ring—I am not leaving William any money for I dont want Richard and Claresa to have it—Give Clarchen Craft something He once said he would like the bronze figure on the stairs, so give it to him if he still cares for it—Give Dugan some of the silver ware—To Myrven and Lyle Gift the property in Arkansas—Give Erma Best, Virgie St. Cerney and Mrs. Fey something also Jennie Rehfuss—To Elizabeth Gift my two stone ring—to Lizzie Pople two hundred dollars—The rest of the stuff take what you want and give the rest to any friends that would care for it.

Elizabeth Gift

Mar 12—1940"

The will was admitted to probate on May 10, 1946, but the above instrument was neither offered nor admitted to probate. Thereupon this suit was instituted by appellees to construe the will, alleging that the third clause of the will was invalid for various reasons hereafter discussed, and that the residue of the estate therefore fell under the Statute of Descent to the heirs-at-law as intestate property, and that such heirs-at-law were entitled to partition of the real estate. The appellees also asked the court to determine whether, because of the invalidity of the third clause of the will, the entire will, including the $20,000 gift to Miss Clauson in the second clause of the will, was invalid. Upon a hearing the circuit court held that the second clause was valid, but that the third clause was invalid, and decreed partition of the real estate and distribution of the personal property accordingly.

The value of the real estate is estimated to be in the neighborhood of $15,000, and the personal property of approximately $85,000. Upon this appeal the only questions involved are the validity of the third clause of the will, and the rights of the appellees to partition, no ques-

tion being raised as to the validity of the second clause of the will, making a bequest to Miss Clauson of the sum of $20,000. A freehold being involved, the cause comes directly to this court.

The evidence shows that several days after the will was executed the deceased gave Miss Clauson the will in question, and also the sealed envelope above referred to, and asked her to place them in the safety-deposit box of Mrs. Gift, which was done. This was some time after the will was executed, there being some doubt as to whether it was the next day or five days or more after that event, but in either case it appears that Miss Clauson did not know of the contents of the sealed envelope, and had never seen the written instrument hereinafter referred to as the "memorandum," and never knew of its existence until the envelope was opened in the probate court, after Mrs. Gift's death. It also appears that no other written memorandum of a similar kind was ever prepared, so far as appellant Clauson knew.

The appeal in this case is upon the part of Katherine Clauson as trustee under said will on behalf of those persons mentioned in the memorandum in writing above referred to, and Katherine Clauson as an individual. The contention of the appellants in brief is that the writing found in the box containing the memorandum enclosed in the envelope marked "Katherine Clauson," could properly be used to ascertain the intention and the beneficiaries of Elizabeth Gift; that if it was not legally a part of the last will it contains sufficient language to make the trust mentioned in the third clause of the will enforcible; and, in the alternative, is the separate contention by Miss Clauson that if the writing be not a part of the will, or directions to the trustee, then the words in the will designating Katherine Clauson "trustee" are surplusage, or at the most precatory words not binding upon her, and, hence, there was a complete and outright gift of the residuary estate

to Katherine Clauson as an individual, free from any obligation as trustee. Appellees, upon the contrary, claim the memorandum is no part of the will; that it is incapable of being used to complete or define the trust mentioned in the third clause of the will; and, finally, there being no trust described, although the property is given to Katherine Clauson as "trustee," that the failure of the trust leaves such property intestate and vests the same in appellees as heirs-at-law of Elizabeth Gift.

The legal effect of the separate instrument should first be ascertained to determine what constitutes the will to be construed. A separate paper may under certain conditions be incorporated into and become a part of a will. The rule as to when such instrument may be referred to in a will and become a part thereof has been settled in this State since *Keeler* v. *Merchants Loan and Trust Co.,* 253 Ill. 528, where the authorities were thoroughly examined, and the rule clearly established with the reason for each requirement. According to that authority, in order to incorporate a separate or extrinsic document so as to become a part of the will of the testator the following are necessary: (1) the will itself must refer to the paper to be incorporated (a) as being in existence at the time of the execution of the will, (b) in such a way as to reasonably identify such paper in the will, and (c) in such a way as to show the testator's intention to incorporate such instrument in his will and make it a part thereof; (2) such document must in fact be in existence at the time of the execution of the will, and must be shown to be the instrument referred to in the will. This rule is adhered to in *Bottrell* v. *Spengler,* 343 Ill. 476, and *Eschmann* v. *Cawi,* 357 Ill. 379.

The facts disclosed in this record are not sufficient to meet these requirements. The will was executed March 7, 1940, and the memorandum contained in the envelope addressed to Miss Clauson bears date March 12, 1940,

and therefore, presumptively was not in existence at the date of the will. The will makes reference to converting the residue into cash and distributing it so only Miss Clauson and the distributee would know about it. The memorandum, however, refers to a number of items of personal property and approximately $3500 in cash, to be delivered in kind or paid to several distributees. There is no similarity between the paper produced and that described in the third clause of the will. In fact, the memorandum was in the box of the deceased, under the control of the deceased, and had never been seen nor read by Miss Clauson when delivered to her, and was not shown to be in existence at the date of the execution of the will. To all intents and purposes it appears to be a separate unattested disposition of property by Mrs. Gift, disposing of approximately $3500 in money, land in Arkansas, and some $85,000 of personal property in the form of bonds and corporate stock, and other securities. The memorandum instead of being of the nature described in the will is apparently an effort to dispose of chattel property and land outside of Illinois, without the formalities required in a will. It is not the document referred to in the will, and there is no evidence in the case which discloses any other memorandum which would come within the description of that referred to in the third clause of the will, and consequently the memorandum produced is not a part of the will of Elizabeth Gift.

The contention of the appellants is in two parts: first, on behalf of those persons who are named in the memorandum, as the claimed beneficiaries of the trust in the third clause of the will; and second, on the part of Katherine Clauson individually, who claims in case the trust is void, she becomes the residuary beneficiary because the word "trustee" following the devise to her in the third clause has no effect to deprive her of the title given her, in the absence of a gift to some one else.

We will consider first the case of the persons who claim to be beneficiaries of a trust. They claim that the primary rule for the construction of a will is to ascertain the intention of the testator, and give it effect, if lawful and not in conflict with public policy. We agree with this statement as a general principle, but it presupposes that we know what constitutes the will. It is one instrument if the memorandum is a part of it, and quite another instrument if the memorandum is no part thereof. The contention of the appellants upon this proposition is tersely stated as follows: "What Elizabeth Gift intended to do was create * * * a good and valid secret trust in Katherine Clauson of the residue of the estate of Elizabeth Gift, or that she takes individually with the moral obligation to her former employer to carry out her wishes. The will clearly shows that it was not intended that the memorandum of instructions be incorporated in the will but that Katherine Clauson should have full discretion and authority to dispose of the property in line with the wishes of the testatrix * * *."

The law requires a will to be in writing and attested as provided by statute. As shown above, under certain conditions a separate writing may become a part of the will, if properly identified, and this constitutes no evasion of the statute on wills, requiring an attested writing, since it is considered a part of the will, to which the attested signatures are attached. A trust may be created by a will, but in such case it is an express trust, and must meet the requirements of such. The essentials of an express trust, either in a deed or will, have been announced many times, as follows: ."It is essential to the creation of a trust that the declaration must make reasonably certain its material terms, and that these terms include, first, the subject matter or property embraced within the trust; second, the beneficiaries or persons in whose behalf the trust is created; third, the nature and quantity of the interests which they

are to have; and fourth, the manner in which the trust is to be performed. If any of these necessary elements is not described with certainty no trust is created." *Marble* v. *Marble*, 304 Ill. 229; *Orr* v. *Yates*, 209 Ill. 222; *Snyder* v. *Snyder*, 280 Ill. 467.

The appellants seem to contend that the separate memorandum in writing affords the basis upon which the intention of the testatrix to create a trust may be ascertained. The cardinal rule for the construction of a will is to ascertain the intention of the testator, but that intention must be ascertained from the words of the will. The rule is aptly stated in *Dahmer* v. *Wensler*, 350 Ill. 23, as follows: "Evidence respecting the intention of a testator separate and apart from that conveyed by the language of the will is not admissible for the purpose of interpreting the instrument. (*Noble* v. *Fickes*, 230 Ill. 594.) However clearly an intention not expressed in the will may be proved by extrinsic evidence, the rule of law requiring wills to be in writing stands as an insuperable barrier against carrying the intention thus proved into execution. (*Lomax* v. *Lomax*, 218 Ill. 629; *Bingel* v. *Volz*, 142 Ill. 214.)" From this rule, which is confirmed by many other authorities, the memorandum not a part of the will cannot be used to establish the terms and conditions and requirements of a trust not aptly set forth in the will itself.

Appellants also claim that the will shows a trust was created in Katherine Clauson, and that although its purpose was a secret one, the trust is in reality created by the donee, Clauson, and is therefore enforcible by the beneficiaries. We believe there are no authorities (at least none are cited) that go this far. It is not claimed that Katherine Clauson made any promise or agreement to create a trust, or to use the property in any specific way, or that the will was executed upon any representations upon her part, but on the contrary she was in ignorance of the contents of the will, or of the memorandum,

until they were taken from the safety-deposit box in the bank.

The situation presented in this case has been before the courts of other jurisdictions several times, and we believe their holdings are unanimous in that a bequest or devise in trust, which is subject to the testator's future directions, or directions which may be at any time changed after the execution of the will, are void unless the directions are in writing and attested in conformity with the statute on wills. A somewhat parallel case is found in *Magnus* v. *Magnus*, 80 N.J.Eq. 348, 84 Atl. 705. The will in that case gave the residue to a niece "to be disposed of in accordance with 'my instructions to her.' " After the death of the testatrix a will was found dated previously to a letter, but since she did not in her will limit the instructions to those in writing, verbal instructions before, or written or verbal instructions after the will would comply with this direction. The trust was held invalid as the will did not require a writing to be in existence at the time of making an extrinsic will.

Also, in *Richmond* v. *New Jersey Historical Society*, 132 N.J. 464, 28 Atl. 2d 189, a gift was made by will which contained the following: "provided always that the gift or directions expressed in the memorandum heretofore made by me, and now attached hereto, shall be faithfully carried out and performed by my executors." No such memorandum was produced, and it was held that no trust was created. This same rule has been adopted in similar cases where a memorandum has been found dated after the execution of the will, or where the instructions were given by the testator after the execution of the will, or where they are made orally, either before or after the execution of the will. (*Olliffe* v. *Wells*, 130 Mass. 221; *Phelps* v. *Robbins*, 40 Conn. 273; *Sims* v. *Sims*, 94 Va. 580, 27 S.E. 436; *Uloth* v. *Little*, 321 Mass. 351, 73 N.E. 2d 459; Restatement Trusts, sec. 55; 24 A.L.R. 177,

note.) It therefore follows no trust in real or personal property can be created by any declaration of trust in a will unless the will is executed in such form that it can be allowed in a court of probate jurisdiction, and in such form that it will pass the estate that it is intended to operate upon.

We have shown that the memorandum under the rules applying to extrinsic documents could not be a part of the will of Mrs. Gift, and that the beneficiaries named in such memorandum do not conform to the description of the unnamed sole beneficiary mentioned in the third clause of the will. The memorandum does not comply in any respect with the requirements of the will that the residue be given to a certain distributee known to Miss Clauson, and to her alone. The conclusion is irresistible that there was no such direction given as recited in the third clause, or, if given, it was changed by the testatrix after the execution of the will. In either event it was inoperative to create a trust, because of the reasons set out above.

An analysis of all of the cases leads to the conclusion that the correct decision in each case resolves itself down to a matter of proof. If the separate paper is identified in the manner required by law to become a part of the will, and is also capable of being construed as disposing of the estate of the testator in the form prescribed by law, and is not subject to future changes by new memorandum, it will be enforcible. The evidence here falls short of this requirement, and, hence, the memorandum in this case cannot be used for the purpose of creating a testamentary trust in favor of those named herein. It does not comply with the requirements of an express trust; it is not identified as a part of the will; and, further, did not exist in a form incapable of being changed or substituted by the testatrix at any time. For these reasons there is no enforcible trust established on behalf of those mentioned in the memorandum, or for that unknown person known

only to the testatrix and Katherine Clauson; and hence the ruling of the trial court in this respect was correct.

The beneficiaries claim, however, that the memorandum may be used as a declaration of trust upon the part of Miss Clauson, since, when construed with the will declaring her to be a trustee, the purposes, property and beneficiaries can be reasonably ascertained. To constitute a trust upon her part she must have received the devise or legacy with the understanding that she would apply it in a certain manner, or for a certain purpose. If she fails to apply it as promised it constitutes a fraud and raises a constructive trust in favor of those for whose benefit it was made. This applies to legacies, and the promise is effective whether made before or after the will is executed. Illinois has adopted the rule that a legatee, devisee or grantee, who has agreed with, or promised the testator, or grantor, before its transfer to hold property for the benefit of certain persons, such legatee, devisee or grantee will be required to perform his promise upon the theory of constructive trust, or unjust enrichment. (*Stahl* v. *Stahl,* 214 Ill. 131; *Hilt* v. *Simpson,* 230 Ill. 170; *Brooks* v. *Gretz,* 313 Ill. 290; *Gilbert* v. *Cohn,* 374 Ill. 452.) The cases of *Cagney* v. *O'Brien,* 83 Ill. 72, and *People* v. *Schaefer,* 266 Ill. 334, cited by appellants, are in accord with this rule.

It is to be observed in all of these cases that the object of the trust, or the fact that there is a trust does not appear in the will or deed, but the trust itself is raised by the promise of the legatee or devisee, and the failure to observe it, as a constructive trust. There is no claim or pretense here that Miss Clauson made any promise or agreement with Mrs. Gift which would raise a trust, or to carry out the disposition of property in accordance with the memorandum, or any other specific direction, and, hence, for that reason no enforcible trust has been established in Miss Clauson by the beneficiaries.

Katherine Clauson as an individual claims that if the

evidence is insufficient to establish that she is a trustee, then, since the will vests the legal title in her, the words designating her title as "trustee" have no binding force, or are merely precatory in character, and may be disregarded, leaving title to the residue in her, with no other restriction than possibly a moral obligation to divide the property as provided in the memorandum. It is, of course, true that if a testator devises property to an individual without any designation that such individual is holding as a trustee, and the devisee does not acknowledge that he is holding it as a trustee, there may be a gift to the individual named. Such is not the situation here. The intention of the testator must be ascertained from the language of the will. In this instance the will placed the legal title in Katherine Clauson as trustee. It is to be presumed that if Miss Clauson was to take the property as trustee it would be for the benefit of some one besides herself. In this instance the residue constituted a major portion of the estate which the testatrix intended to give to someone besides Miss Clauson. These facts coupled with the devise of a substantial legacy to Miss Clauson indicate beyond a doubt that the testator did not intend the residue of the estate to become her property.

There is no disposition of the residue by the will because of a failure to establish the terms of the trust in the manner required by law. Under such circumstances, while the will has put the legal title in the person designated as trustee, the failure of the express trust places the title in those who would by law take it in the event there was no will. (*Keefer* v. *McCloy,* 344 Ill. 454; *Dime Savings and Trust Co.* v. *Watson,* 254 Ill. 419; *Pitzel* v. *Schneider,* 216 Ill. 87.) The theory upon which this follows is that the failure of the original trust produces a resulting trust in favor of the heir. The case of *Uloth* v. *Little,* 321 Mass. 351, 73 N.E. 2d 459, is almost precisely in point. In that case the will gave certain property to one Agnes Little

"to be distributed by her to such person or persons as I may direct by letter added hereto." There was no such letter produced. The court held Agnes took no beneficial interest in the property, saying: "By this provision the testatrix attempted to create a trust which is too indefinite to be carried out. It is settled that where, as in the instant case, the will shows upon its face that the named legatee takes the legal title only and not the beneficial interest, the trust not being sufficiently defined by the will to take effect, the equitable interest goes by way of a resulting trust to those entitled to the residuary estate under the terms of the will of the testatrix as property of the deceased not otherwise disposed of by the will." This principle was established as early as *Ackroyd* v. *Smithson,* I Bro. C.C. 503, I White & Tudor Leading Cases, p. 872, and seems to be firmly established. *Roy* v. *Monroe,* 47 N.J.Eq. 356, 20 Atl. 481; *Sweeney* v. *Warren,* 127 N.Y. 426, 28 N.E. 413; *Read* v. *Williams,* 125 N.Y. 560, 26 N.E. 730; *Painter* v. *Painter,* 220 Pa. 82, 69 Atl. 323, 20 L.R.A. (n.s.) 117; *Fifield* v. *Van Wyck,* 94 Va. 557, 27 S.E. 446; 4 Pomeroy Eq. (5th ed.) sec. 1170; Restatement of the Law of Trusts, sec. 411.

In the present case there is no residuary legatee, and hence the title to the real and personal property given to Katherine Clauson, as trustee, passes to the heirs of Mrs. Gift. The proof in this case fails to bring any of appellants within a class of beneficiaries to take as *cestuis que trustent,* or as direct legatees under the will of Mrs. Gift.

We have read carefully the authorities cited in the able brief of appellants, but to comment upon them at length would unduly prolong this opinion, for they fail to support the contention of either the "appellant beneficiaries" or of appellant Clauson as an individual. The circuit court properly held the third clause of the will void. The residuary real and personal estate mentioned in the third clause of the will of Mrs. Gift therefore passes to the heirs of

418

Mrs. Gift, and entitles them to a partition of the real estate (*Harris* v. *Ingleside Building Corp.* 370 Ill. 617,) and distribution of the personal property, as decreed by the circuit court of Peoria County.

The decree of the circuit court of Peoria County is accordingly affirmed.

*Decree affirmed.*