Calhoun Phelps, as Executor and Trustee Under the Last Will and Testament of Jerome R. Chester, Deceased, Plaintiff, v. La Moille, Illinois, Lodge No. 270, A. F. & A. M., Wyanet, Illinois, Lodge No. 231, A. F. & A. M., Gil Barnard Lodge No. 908, A. F. & A. M., Defendants. Boys Town of Nebraska, a Corporation, Illinois Masonic Hospital Association, of Chicago, Illinois, a Corporation, Shriners Crippled Children's Hospital, a Corporation, Defendants-Appellants. Lovisa Nelson, et al., Defendants-Appellees.

Gen. No. 64-14.

Third District.

October 9, 1964.

Trimble & Trimble, and R. K. Rainey, all of Princeton, for appellants.

Peterson, Johnson & Martin, and John C. Hedrich, all of Princeton (John C. Hedrich and Watts C. Johnson, of counsel), for appellees.

CULBERTSON, P. J.

This cause is before us on an appeal from a decree of the Circuit Court of Bureau County, entered December 19, 1963, construing the Will of Jerome R. Chester, deceased. The Will, by its-terms, left the residue of the personal property in the estate to a

Trustee "to be delivered by said Trustee to such charities" as the testator shall have designated to such Trustee, for the uses and purposes of such charities as the testator shall designate to his Trustee. No charities were named in the Will. The County Court had admitted the Will to probate, but had denied probate to a written, signed memorandum containing a list of charities.

On a hearing in the Circuit Court, the Court concluded that the intended trust failed because the memorandum was not attested with the formalities required of testamentary documents by Statute, and that the memorandum was not incorporated by reference in the Will; that fundamentally an extrinsic instrument referred to in a Will, may be admissible in evidence for the purpose of aiding in the interpretation of a Will, but would not be admitted to show what the testator omitted to say in the Will. The Court, accordingly, directed that the residuary estate be distributed among the heirs-at-law of the testator.

On appeal in this Court, appellants contend that the Will, independent of the memorandum, made a complete gift to the Trustee, in trust for the charities, and that the Court, by appointing the Trustee, could prevent the gift from failing. In support of this position, appellants point out that it is the objective of will construction to ascertain the true intention of the testator (Carr v. Hermann, 16 Ill2d 624, 158 NE2d 770), and that there is a presumption that a testator intends to dispose of his entire estate, which should be upheld, if possible, to prevent intestacy (Scofield v. Olcott, 120 Ill 362, 11 NE 351). Appellants also contend charitable gifts are upheld wherever possible, as a matter of policy in this State.

The deficiency in the present case, however, arises from the fact that an unattested memorandum is presented as the basis for sustaining the gifts to

166

the charities. The Courts of this State have pointed out that such memorandum to be incorporated by reference in a Will must: (1) be in writing; (2) be in existence at the time the Will is made; (3) be adequately described in the Will; and (4) be described as being in existence (Keeler v. Merchants Loan & Trust Co., 253 Ill 528, 97 NE 1061; Wagner v. Clauson, 399 Ill 403, 78 NE2d 203). The memorandum in the present case was not in existence at the time the Will was made, nor was it described in the Will as being in existence, but was described as something to be described in the future. While a memorandum could be used to define and make certain beneficiaries already named in the Will, it could not be used as evidence to supply the omitted beneficiaries. In Bryan's Appeal, 77 Conn 246, 58 A 748, a gift was made "for the purposes set forth in a sealed letter which will be found with this Will." The letter referred to the fact that the testator had just executed the Will on the same day, and set forth the purposes intended for the trust. The Court refused to admit the sealed letter in evidence for the purposes of identifying the beneficiary of the trust since neither the name of the beneficiary nor the purpose of the trust was disclosed by the Will. As indicated in our Supreme Court, parol evidence is not permitted to show what the testator meant to say, but will be allowed to show what he meant by what he actually did say in the Will (Hays v. Illinois Industrial Home for Blind, 12 Ill2d 625, 630, 147 NE2d 287). In Wagner v. Clauson, 399 Ill 403, 78 NE2d 203, our Supreme Court pointed out, at page 412, that the cardinal rule for construction of a Will is to ascertain the intention of the testator, but that intention must be ascertained from the words of the Will. A memorandum, not a part of the Will, cannot be used to establish the terms and conditions and the requirements of a trust not

167

set forth in the Will itself. Under the facts and circumstances in the case it, therefore, appears clear that since the testator failed to specify the beneficiary or beneficiaries in the Will, the memorandum could not be used to supply such omission, since it was not attested with the formalities required of testamentary documents in this State.

Since the express trust in the Will failed, the heirs, or residuary devisees take the resulting interest in the realty, and the next of kin or residual legatees take the interest in the personalty, since the resulting trust arises out of the invalid express trust which was attempted in the Will (Dorsey v. Dodson, 203 Ill 32, 67 NE 395; Wagner v. Clauson, supra). The intestate property, under the facts in this case, were properly directed to be distributed to the testator's heirs-at-law. The Decree of the Circuit Court of Bureau County will, therefore, be affirmed.

Affirmed.

SCHEINEMAN and ROETH, JJ., concur.