*In re* ESTATE OF NELLIE STRAYER, Deceased—(WILLIAM J. BACH, Petitioner-Appellant (JULIA BARLEY TOOL *et al.*, Respondents-Appellants), *v.* EARL COWDEN *et al.*, Respondents-Appellees.)

(No. 11460; )

Fourth District—April 18, 1972.

*Rehearing denied May 25, 1972.*

William S. Bach, of Bloomington, for appellants.

Livingston, Barger, Brandt, Slater & Schroeder and Albert H. Hoopes, both of Bloomington, (William C. Wetzel, of counsel,) for appellees.

Mr. JUSTICE VERTICCHIO delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of McLean County, Probate Division, dismissing a petition for probate of a purported Will, and an instrument alleged to be a codicil to the said Last Will and Testament of Nellie Mae Strayer, deceased.

The record in this cause indicates that the deceased, Nellie Mae Strayer, and her husband, Walter S. Strayer, on June 10, 1952, executed similar Wills. The Last Will and Testament of William S. Strayer was filed for probate in the Probate Court of McLean County on October 15, 1956.

On August 15, 1958, Nellie Mae Strayer executed a codicil to her Last Will and Testament. The codicil recited that certain alterations were necessary due to the death of her husband, Walter S. Strayer, who was nominated as executor in her Last Will and Testament. The codicil nominated the National Bank of Bloomington, Illinois, as executor and re-affirmed, re-published and re-declared her original Will in all other respects.

The similar Wills of June 10, 1952, devised and bequeathed all of the property to the survivor, and any funds remaining to be divided in nineteen parts among persons who are parties to this appeal.

Nellie Mae Strayer died on November 22, 1969. William J. Bach, on May 28, 1970, filed a petition for probate of will and letters testamentary. The petition alleged that the codicil, dated August 15, 1958, was delivered to the court, but that the Will dated June 10, 1952, was lost.

The court heard evidence directed to the petition and denied the petition.

The facts for the most part are not in dispute. The evidence establishes that the similar Wills were located in the safe deposit box in the National Bank of Bloomington, Illinois, prior to October 15, 1956. The box was inventoried on that date in connection with the estate of William S. Strayer. Arlo E. Bane of Bloomington, Illinois, the attorney who prepared the Wills of William S. Strayer and Nellie Mae Strayer, and the codicil for Nellie Mae Strayer, was present when the safe deposit box at the National Bank of Bloomington, Illinois, was inventoried. There appears

to be some controversy as to the testimony of Mr. Bane regarding the said occasion. Mr. Bane's testimony was:

"Q. And you do, did testify that both of these Wills of Mr. and Mrs. Strayer were in the lock box at the National Bank of Bloomington when they were inventoried?

A. After his death, yes.

Q. And you recall at that time whether the Will of Mrs. Strayer was removed therefrom in your presence?

A. My recollection was nothing was removed at that time. We didn't have the attorney general release, and I don't even recall we removed his Will.

Q. And who else was present, if you remember at that time?

A. At the National Bank?

Q. Yes. * * * Was Mr. George Strayer present?

A. That I don't recall. I think Lucy Comstock was the custodian, if I recall, and it was down in the basement before the lock boxes were moved up, but I can't recall who else was present."

The records of the National Bank of Bloomington indicated that the only entries to the box between October 15, 1956, and June 14, 1960, were made by Nellie Mae Strayer and Howard Cowden. On June 14, 1960, Howard Cowden and Nellie Mae Strayer transferred the contents of the box to a safe deposit box in the McLean County Bank.

The records of the McLean County Bank indicated three entries were made after June 14, 1960; (1) An entry on January 17, 1966, by Howard Cowden, who had a key to the safe deposit box; (2) on September 19, 1966, by the Trust Officer of the McLean County Bank for the purpose of making an inventory of the contents of the box as conservator of the Estate of Nellie Mae Strayer at which time the Will was not in the box; and (3) on September 30, 1966, when the contents were removed.

Howard Cowden, a brother of the deceased, Nellie Mae Strayer, testified that he was with Nellie Mae Strayer on June 14, 1960, when the contents of the safe deposit box were transferred from the National Bank of Bloomington to the McLean County Bank, and that all of the contents were transferred from one bank to the other. He testified that the Will was not in the safe deposit box at the National Bank of Bloomington on June 14, 1960.

He further testified that he had seen the Will of Nellie Mae Strayer after the death of Walter S. Strayer at her home. In response to an inquiry, "Did you read the Will?", he answered "No".

He further testified as follows:

"Q. But, anyway, she had this instrument in her home sometime after the death of her husband?

A. That's right; that's right, but she had voided it. She had cancelled it, and she had written all over the front of it and back of it with * * * she had a bunch of obsolite (sic) insurance policies and all of them she asked me to destroy them. She had them on the table for me to destroy, and as I went through them I saw that what that was,. that it was a Will, and I said, 'Nel, here is the Will. I don't think you ought to destroy that. You might need that sometime for proof.' And she said, 'No, I want to get it out of my way.'

Q. Well, did you destroy it?

A. No, sir.

Q. What did you do with it?

A. I left it there; I left it there.

Q. You say it was written on at that time?

A. Yes, sir.

Q. Can you describe the writing on the instrument?

A. Well, it was, either said cancelled or voided, and the date was * * * the date was in April of '58. That was before she moved into Bloomington while she was still on the farm.

Q. Were you doing her business for her at that time?

A. Beg pardon?

Q. I say were you assisting her in her business at that time?

A. Well, she did her own business, she did her own business, but she couldn't drive a car, and I helped her some with it. But she did her own business. She wrote her own checks and paid her own bills."

■■ It is recognized that a testamentary instrument may be properly incorporated by reference in a will when: (1) The instrument refers to the will as being in existence at the time of the execution of the instrument, and, in fact, the will does exist at that time; the instrument shows the intention to incorporate it in the will, and (3) the instrument corresponds with the description in the reference. *Eschmann v. Cawi*, 357 Ill. 379, 192 N.E. 226.

■■ It is further recognized that a will which is not available may be admitted to probate if it is shown to have been in existence and unrevoked at the date of the testator's death, or if it is shown to be destroyed accidentally or fraudulently without the consent of the testator. *In re Estate of Moos*, 414 Ill. 54, 110 N.E.2d 194.

The appellants contend that the execution of the codicil on August 15, 1958, established both the codicil and the existence of the Will to which it refers. The only occasion that the testatrix Nellie Mae Strayer had access to the Will was on her visit to the safe deposit box in the National Bank of Bloomington on October 15, 1956. Arlo E. Bane's testimony was that to the best of his recollection nothing was removed from

the safe deposit box on that date. They maintain that Nellie Mae Strayer could not have had possession of the Will at any time.

They further point out that Howard Cowden had access to the safe deposit box at the McLean County Bank on January 17, 1956.

They argue that the testimony establishes that the Will was in the safe deposit box prior to October 15, 1956, and that the testatrix did not remove the Will from the safe deposit box on the only occasion she entered the box, thus, it is established that the testatrix did not have possession of the Will.

Therefore, the principle of law that a will in the possession of the testator unavailable at his death is presumed to have been revoked is not applicable to the fact in the instant case.

The appellees contend that it is presumed that a will which is in the possession or control of the testator and not found at the date of death is presumed to have been destroyed by the testator with the intent to revoke the same. *In re Estate of Moos*, 414 Ill. 54, at page 57, 110 N.E.2d 194, the court said:

"Where a last will and testament, after its execution, is retained by the testator and cannot be found upon his death, it is the well-settled rule of this and of the majority of jurisdictions that it will be presumed to have been destroyed by him *animo revocandi*. (*In re Estate of Morgan*, 389 Ill. 484; *Holler v. Holler*, 298 Ill. 418; *Griffith v. Higinbotom*, 262 Ill. 126; *St. Mary's Home v. Dodge*, 257 Ill. 518; *In re Page*, 118 Ill. 576, 3 A.L.R.2d 949.) The same cases establish that the presumption is subject to being rebutted by circumstances which tend to show a contrary conclusion, and that the burden is on one seeking to probate such a will to prove that it was unrevoked at the testator's death."

The appellees cite the testimony of Howard Cowden to the effect that he saw the Will in the possession of the testatrix in April of 1958, and that the said Will bore the writing, "Cancelled" or "Void" to establish that the testatrix had the Will in her possession and that she voided or destroyed the said Will.

They point out that the testimony of Mr. Bane that nothing was removed from the safe deposit box in October, 1956, was in error, as the record is unrebutted that the Will of the testatrix' husband, Walter S. Strayer, was filed for probate on October 15, 1956; thus, it is clear that Walter S. Strayer's Will was removed without the knowledge of Mr. Bane, and also clear that the Will of the testatrix, Nellie Mae Strayer, must have been removed on the same date.

■■ The trial court, in its order of September 25, 1970, denying the petition for probate of the Will and for letters testamentary, did not

make any finding nor express any reasons or opinions for denying the said petition. Thus, this Court does not have the benefit of the trial court's reasoning. It appears that the trial court found that the evidence (1) did not overcome the presumption that the testator revoked the Will, and (2) did not establish an unlawful destruction of the Will by another. These findings of the trial court are not manifestly erroneous.

The motion to amend the pleadings was within the discretion of the court, and it is the opinion of this Court that the court did not abuse its discretion in denying said motion.

The trial court is herewith affirmed.

Judgment affirmed.

TRAPP, P. J., and SMITH, J., concur.